# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**March 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

HOOVER, INC.,                              )
                                          )
    Plaintiff/Appellant,          )
                                          )
                                          )
VS.                                       )    Davidson Chancery
                                          )    No. 92-1993-III
                                          )
METROPOLITAN BOARD OF                     )    Appeal No.
ZONING APPEALS FOR                        )    01A01-9609-CH-00442
DAVIDSON COUNTY,                          )
TENNESSEE,                                )
                                          )
    Defendant/Appellee.           )


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ROBERT S. BRANDT, CHANCELLOR

For the Plaintiff/Appellant:

Thomas V. White
Tune, Entrekin & White
Nashville, Tennessee

George A. Dean
Parker, Lawrence, Cantrell & Dean
Nashville, Tennessee

For the Defendant/Appellee:

Robert H. Jennings, Jr.
Nashville, Tennessee

James R. Tomkins
Glasgow & Veazey
Nashville, Tennessee

Herbert R. Rich
Nashville, Tennessee

Carrol D. Kilgore
Branstetter, Kilgore, Stranch
    & Jennings
Nashville, Tennessee

## MODIFIED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This expedited appeal involves the efforts of a quarry operator to obtain a conditional use permit to operate at another location in Davidson County. The operator filed a petition in the Chancery Court for Davidson County seeking judicial review of the decision of the Metropolitan Board of Zoning Appeals to deny a conditional use permit. On the second appeal from the trial court, this court reversed the Board's decision and remanded the case for further proceedings. The trial court thereafter remanded the case to the Board with directions to consider the operator's application in light of the record at the original hearing together with additional evidence of changed conditions in the area since the original hearing. The operator asserts on this appeal that the trial court should have ordered the Board to issue the conditional use permit. While the trial court correctly remanded the case to the Board with directions to deliberate and make a decision, we have determined that it erred by permitting the parties to introduce new evidence once the case is remanded to the Board. We have determined that the Board's deliberations should be limited to the evidence presented at the original hearing.

## I.

Hoover, Inc. operated a quarry near Nashville's airport for many years. After it was forced to stop operations because of the expansion of the airport, Hoover obtained an option to purchase a parcel of property on Murfreesboro Road and applied to the Metropolitan Board of Zoning Appeals for a conditional use permit.[1] The Board denied the application in January 1992. Hoover then obtained an option for property on Nolensville Road and applied for another conditional use permit in April 1992. This application was also denied following a tumultuous public hearing on May 28, 1992, even though a majority of the participating Board members stated at the conclusion of the proof that they believed that Hoover had met the requirements for a conditional use permit.

---

[1]Persons desiring to engage in mining and extraction activities must first obtain a conditional use permit. Metropolitan Gov't of Nashville & Davidson County, Code §§ 17.24.030, 17.124.010 (Mar. 1995).

Hoover filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County seeking review of the Board's decision. In February 1993, the trial court remanded the case to the Board for a new hearing because two Board members who participated in the original hearing were disqualified and because the Board had not made adequate findings of fact explaining its decision. In June 1994, the Western Section of this court vacated the trial court's order and remanded the case to the trial court to consider Hoover's petition on its merits. *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals,* App. No. 01A01-9307-CH-00312, 1994 WL 260693, at *3 (Tenn. Ct. App. June 15, 1994) (No Tenn. R. App. P. 11 application filed).

The trial court considered the merits of Hoover's petition following the remand and in February 1995 entered an order affirming the Board's denial of a conditional use permit. The trial court specifically found that Hoover had not satisfied the general conditions and two of the special conditions for a conditional use permit to conduct quarrying activities.[2] Hoover appealed to this court for the second time, arguing that there was no competent evidence to support the Board's denial of the conditional use permit and that the Board had acted illegally, arbitrarily, fraudulently, and beyond its jurisdiction. In January 1996, the Middle Section of this court reversed the trial court a second time. *Hoover, Inc. v. Metro Bd. of Zoning Appeals,* 924 S.W.2d 900 (Tenn. Ct. App. 1996).

This court's last opinion contains three holdings. First, we held that courts cannot determine whether an administrative decision is supported by substantial and material evidence "unless the administrative body makes findings of facts setting forth the reasons for its decision." *Hoover v. Metro Bd. of Zoning Appeals,* 924 S.W.2d at 905. Second, we held that the Board acted arbitrarily by denying Hoover's application for a conditional use permit when "four of the five board

_____

[2]Specifically, the trial court found that Hoover had not met the general requirements that the use be "so designed, located, and proposed to be operated that the public health, safety and welfare will be protected" and that the use "will not adversely affect other property in the area in which it is located." Metropolitan Gov't of Nashville & Davidson County, Code § 17.124.040(A) & (B) (Mar. 1995). The trial court also found that the proposed quarry was not located in an area that is likely to remain sparsely populated during the length of time quarrying activity is anticipated, *see* Metropolitan Gov't of Nashville & Davidson County, Code § 17.124.330(A) (Nov. 1992), and that the proposed reclamation plan envisioning that the quarry would be filled with water did not meet the requirements of Metropolitan Gov't of Nashville and Davidson County, Code § 17.124.330(B)(8) (Nov. 1992).

members present at the public hearing expressed their beliefs that Hoover had met the legal conditions required to obtain the conditional use permit." *Hoover, Inc. v. Metro Bd. of Zoning Appeals,* 924 S.W.2d at 905. Third, we held that two Board members "acted illegally when they told board member Hoover that they would abstain if Hoover did not resign from the board." *Hoover, Inc. v. Metro Bd. of Zoning Appeals,* 924 S.W.2d at 907. Based on these findings, we reversed the trial court's decision and remanded the case for further necessary proceedings.

After the case was remanded to the trial court, the parties became embroiled in a dispute concerning the scope of our remand directions. Hoover asserted that this court's opinion required the trial court to remand the case to the Board with directions to issue the conditional use permit. Hoover's adversaries, on the other hand, asserted that the trial court should remand the case to the Board to consider Hoover's application anew based on the evidence received during the May 28, 1992 hearing and "upon any additional evidence that it may receive when offered by any party hereto or any other person entitled to offer evidence." The trial court entered an order on August 5, 1996, remanding the case to the Board to "consider the case upon the record of all the evidence heretofore heard by it, together with such additional evidence as may be offered by any party as to changed circumstances that have occurred since it closed the record on evidence previously received by it." Hoover has appealed from this decision, and thus this case is before this court for the third time.[3]

## II.

This appeal concerns the scope of this court's earlier mandate remanding the case to the trial court for "any further necessary proceedings." The resolution of this dispute requires us to consider two issues. The first is the scope of relief in zoning cases when the court finds that the local agency's decision was improper. The second issue concerns the proper remedy under the facts of this case.

---

[3]This court granted Hoover's motion for an expedited appeal on October 14, 1996. The effect of this order was to submit the case on briefs. This is not an expedited civil appeal pursuant to Tenn. Ct. App. R. 13.

Zoning ordinances and decisions represent an exercise of local police power[4] to protect the health, safety, and welfare of its citizens. *Draper v. Haynes,* 567 S.W.2d 462, 465 (Tenn. 1978); Metropolitan Gov't of Nashville & Davidson County, Code § 17.04-010 (Oct. 1994) (stating that the purpose of the zoning ordinance is "to promote the public health, safety, morals, convenience, order, prosperity and general welfare of the present and future inhabitants of metropolitan Nashville and Davidson County"). Accordingly, the courts are hesitant to interfere with zoning decisions unless clearly necessary, *McCallen v. City of Memphis,* 786 S.W.2d 633, 641-42 (Tenn. 1990); *Fallin v. Knox County Bd. of Comm'rs,* 656 S.W.2d 338, 342-43 (Tenn. 1983), and will not substitute their judgment for that of the local officials. *Whittemore v. Brentwood Planning Comm'n,* 835 S.W.2d 11, 15 (Tenn. Ct. App. 1992).

The vehicle for reviewing decisions of local boards of zoning appeals is the common-law writ of certiorari. *McCallen v. City of Memphis,* 786 S.W.2d at 639. This writ requires the courts to determine whether the Board exceeded its jurisdiction, followed an unlawful procedure, acted illegally, arbitrarily, or fraudulently, or acted without material evidence to support its decision. *Hoover v. Metro Bd. of Zoning Appeals,* 924 S.W.2d at 904; *Hemontolor v. Wilson County Bd. of Zoning Appeals,* 883 S.W.2d 613, 616 (Tenn. Ct. App. 1994).

The common-law writ of certiorari is a supervisory writ, that provides the courts with limited options for dealing with error discovered in the proceedings being reviewed. Because courts should avoid requiring local zoning authorities to take a particular action except in the most extraordinary circumstances, the most common judicial remedy in zoning cases is to remand the case to the zoning agency with instructions appropriate to the circumstances of the case. 4 Robert M. Anderson, *American Law of Zoning* § 27.39, at 598 (3d ed. 1986). Rather than shouldering the local agency's responsibilities, the courts should insist that the agency carry out its task in an appropriate manner. *See Sanon v. INS,* 52 F.3d 648, 652 (7th Cir. 1995); *Rhode Island Higher Educ. Assistance Auth. v. Secretary, U.S. Dep't of Educ.,* 929 F.2d 844, 857 (1st Cir. 1991). The goal of a remand should be to place the parties and the agency in the position they would have been

---

[4]The power is not inherent but rather is delegated by the General Assembly. *Anderson County v. Remote Landfill Servs., Inc.,* 833 S.W.2d 903, 909 (Tenn. Ct. App. 1991).

in had the agency not acted improperly. *See Getty v. Federal Sav. & Loan Ins. Corp.,* 805 F.2d 1050, 1061 (D.C. Cir. 1986); *Revelle v. Marston,* 898 P.2d 917, 921 (Alaska 1995).

Under the facts of this case, the trial court correctly declined to direct the Board to issue Hoover the conditional use permit it requested. However, in light of the interests of these parties and the nature of the administrative and judicial proceedings that have already occurred, we have determined that the most appropriate remedy is to remand the case to the Board with directions to conduct a new hearing based on the existing record without the introduction of additional factual evidence.

We base our decision on three considerations. First, the May 28, 1992 hearing provided Hoover and all other interested parties with a full and fair opportunity to present evidence supporting the competing positions. Reopening the record at this late stage would only give the parties a second bite at the apple. *See Roger Williams College v. Gallison,* 572 A.2d 61, 62-63 (R.I. 1990). Second, we reversed the Board's original decision not because of defects in the fact-finding process or because the record contained inadequate evidence to support the Board's decision, but rather because the Board did not consider the evidence in a fair and legal manner. Third, requiring additional evidentiary hearings would be inconsistent with the understanding implicit in Nashville's zoning ordinance that the interests of the public and of the developers is best served by the prompt consideration and disposition of applications.[5] The outcome of proceedings of this sort should not depend on the parties' financial resources or staying power. *Patel v. Planning Bd.,* 609 A.2d 1319, 1324 (N.J. Super. Ct. Law Div. 1992).

In reaching this decision, we are mindful that five years have elapsed since the original hearing before the Board and that there may very well have been changes in the property surrounding Hoover's proposed quarry site. Reopening the record to accept additional proof of these changes will only provide an

---

[5] Metropolitan Gov't of Nashville & Davidson County, Code § 17.124.020 (Mar. 1995) provides that the Board of Zoning Appeals must hold a hearing on an application for a conditional use permit within sixty days after the application is filed unless the applicant withdraws the application or requests a continuance.

incentive for others to use the judicial process to delay local zoning decisions. Hoover's proposal to operate a quarry in the area has been well known and hotly debated for the past five years, and thus any development that has occurred in the area has been undertaken with the understanding that Hoover might eventually receive the conditional use permit it has been seeking since 1992. Thus, the interests of the inhabitants are not being treated unfairly by requiring the Board to base its decision on the evidence adduced at the May 28, 1992 hearing.

## III.

For the reasons stated herein, we modify the trial court's order remanding the case to the Metropolitan Board of Zoning Appeals to provide that the Board should conduct a hearing and render a timely decision on Hoover's application for a conditional use permit based on the record of the May 28, 1992 hearing. This hearing shall be conducted in a manner consistent with our earlier opinion. We also tax the costs of this appeal in equal proportions to Hoover, Inc. and its surety and to the Metropolitan Government of Nashville and Davidson County.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE