# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 9, 2002 Session

## HOOVER, INC.
### v.
## METROPOLITAN BOARD OF ZONING APPEALS OF METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, ET AL.

**An Appeal from the Chancery Court for Davidson County**
**No. 98-619-II     Carol L. McCoy, Chancellor**

---

**No. M2001-00924-COA-R3-CV - Filed March 11, 2003**

---

This is the fourth appeal from a zoning board's denial of a conditional use permit. In April 1992, the petitioner stone processing company filed an application with the respondent zoning board for a conditional use permit to operate a rock quarry. After years of litigation, the board issued findings of fact and denied the petitioner's application. The application was denied in part because the reclamation plan in the petitioner's proposal used water as fill material, contrary to the specification in the applicable ordinance that solids be used as fill material. The petitioner filed a petition for a writ of certiorari, arguing that the board's decision was arbitrary and capricious because reclamation plans using water as fill material had been approved in the past. The trial court denied the writ and upheld the board's decision. The stone processing company appealed. We affirm, finding that the board's decision was not arbitrary or capricious, and that material evidence supported the board's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Thomas V. White and George A Dean, Nashville, Tennessee, for the appellant, Hoover, Inc.

J. Brooks Fox, John L. Kennedy, Kelli Haas, Nashville, Tennessee, for the appellee, Metropolitan Board of Zoning Appeals of Metropolitan Government of Nashville and Davidson County.

James R. Tomkins, Nashville, Tennessee, for the appellees, Edward Knight, Beverly Knight, James Phillip Carter, Maridee Carter, Marie Carter, William Carter, Mary Jane Carter, and Stop the Quarry.

Shayna R. Abrams, Franklin, Tennessee, for the appellee, Williamson County, Tennessee.

Roger A. Horner, Brentwood, Tennessee, for the appellee, City of Brentwood.

Herbert R. Rich, Nashville, Tennessee, for the appellee, Paul Johnson.

## OPINION

For many years, Petitioner/Appellant Hoover, Inc. ("Hoover"), operated a stone processing plant, also called a rock quarry, near Nashville, Tennessee. In 1987, the Nashville airport was expanded, and Hoover was forced to stop operations. Hoover sought to establish another quarry on its property at 6682 Nolensville Road in Nashville, which is located in an AR2a (agricultural and residential -- two-acre minimum) zone district. Under the zoning ordinance for Metropolitan Nashville and Davidson County ("COMZO"),[1] operating a rock quarry is a type of agricultural and extractive activity. *See* COMZO § 17.12.050B. Agricultural and extrative activity is not permitted by right by the Metropolitan Zoning Administrator. That type of activity is allowed only pursuant to a conditional permit, and applications for such permits must be reviewed by the Respondent/Appellee Metropolitan Board of Zoning Appeals ("the Board"). *See* COMZO § 17.24.030.

Consequently, on April 23, 1992, Hoover filed an application with the Board for a conditional use permit to operate a quarry on its Nolensville Road property. On May 28, 1992, the Board held a hearing on Hoover's petition. Over 1,300 citizens residing near the quarry opposed Hoover's application. After much debate in the hearing, the Board denied the permit by operation of law because an insufficient number of board members voted in favor of the proposal.

Hoover appealed the Board's decision to the Davidson County Chancery Court under a common law writ of certiorari. *See* Tenn. Code Ann. § 27-8-101. The chancery court reversed the Board's denial of the petition, concluding that two of the abstaining Board members were "disqualified" from voting under the applicable regulations, and that the Board erred in failing to issue specific findings of fact. The Board appealed the chancery court's decision to this Court. On June 15, 1994, this Court reversed the chancery court's decision, holding that the two abstaining members were not "disqualified" under the applicable regulations, and that the Board need not issue findings of fact when a permit is denied by operation of law. ***Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals***, No. 01A01-9307-CH-00312, 1994 WL 260693, at *3 (Tenn. Ct. App. June 15, 1994). The cause was remanded to the chancery court for a review of the Board's decision on the merits. ***Id.***

On remand, the chancery court affirmed the Board's denial of Hoover's application. The chancery court determined that the requirements of the ordinance were not satisfied because the

---

[1]"COMZO" is a commonly used acronym for the Comprehensive Zoning Ordinances of the Metropolitan Government for Nashville, Davidson County.

reclamation plan[2] submitted by Hoover was inappropriate, and Hoover did not establish that the surrounding area was "sparsely developed." Hoover filed the second appeal to this Court. On January 5, 1996, the decision of the trial court was reversed on appeal. *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900 (Tenn. Ct. App. 1996). This Court noted that a court reviewing the decision of an administrative body cannot determine whether the administrative decision was supported by material evidence unless the administrative body makes findings of fact setting forth the reasons for the decision. *Id.* at 905. The Court noted that the reasons given by the chancery court for upholding the Board's decision were not the reasons given by the Board for its decision to deny the permit, since the denial was by operation of law. *Id.* at 905-06. We held also that a Board member cannot abstain from voting if he or she believes that the applicant has fulfilled the zoning requirements. *Id.* at 906. Considering the abstentions to be the equivalent of a vote to deny Hoover's petition, the Court held that it was arbitrary for Board members who stated publicly that Hoover met the requirements to establish a quarry to nonetheless vote against it. Consequently, the cause was reversed and remanded to the chancery court for "any further necessary proceedings." *Id.* at 907.

On remand, "the parties became embroiled in a dispute concerning the scope of our remand directions." *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 955 S.W.2d 52, 54 (Tenn. Ct. App. 1997). On August 5, 1996, the chancery court remanded the case back to the Board to consider the case upon the record "together with such additional evidence" regarding changed circumstances over time. *Id.* In the third appeal to this Court, Hoover appealed the order directing the Board to reconsider in light of additional evidence. On appeal, this Court affirmed the chancery court's remand order but instructed that language permitting the consideration of additional evidence be omitted from the order of remand. *Id.* at 55. The chancery court was directed to remand the case to the Board to "conduct a hearing . . . based on the record of the May 28, 1992 hearing." *Id.*

On December 18, 1997, the Board held a hearing, prior to which each member of the Board reviewed the audio tape or reviewed the written record of the hearing held on May 28, 1992. At the hearings, the Board again denied Hoover's application. On January 15, 1998, the Board approved eight findings of fact on which denial of the permit was based:

1. Failure to provide acceleration lanes for trucks departing from the quarry will not adequately protect the public health, safety and welfare of motorists traveling on Nolensville Rd.

2. The quarry pit, when filled with water, will become a safety hazard and will become an attractive nuisance.

---

[2]The reclamation plan explains how the site will be used after the quarrying operation has been terminated. *See* **COMAO** § 17.124.330B.8.

3. The particulate matter which will be introduced into the atmosphere by the quarrying activity will have a substantial negative impact on the health of nearby residents.

4. The proposed quarry will adversely affect property values and marketability of homes in the nearby community.

5. The General Plan (Subarea 12 Plan) specifies that the area surrounding the proposed quarry will remain residential or will be developed in a residential manner.

6. The reclamation plan indicates that the quarry pit will be filled with water.

7. Water is not a noncombustible solid.

8. 45- 50 ft. cliffs will be present on portions of the reclaimed quarry pit which will be filled with water and it will not be in substantial conformity with the topography of the surrounding lands.

The Board also set out conclusions of law, which restated the findings of fact and cited the corresponding regulations to which they applied. *See* COMZO §§ 17.124.040 and 17.124.330B.8.

On March 2, 1998, Hoover filed a petition for writ of certiorari in the chancery court below. Hoover argued that the Board's denial of the permit was arbitrary and capricious, and it sought to have the Board's decision set aside and have the conditional use permit granted. In addition, Hoover asserted that the actions of the Board violated its rights to due process and equal protection under 42 U.S.C. §§ 1983 and 1988. Hoover also requested an award of attorney's fees under those statutes. On March 31, 1998, the chancery court entered an agreed order allowing the following parties to intervene in the case as respondents: Edward Knight, Beverly Knight, James Philip Carter, Maridee Carter, Marie Carter, William Carter, Mary Jane Carter, Stop the Quarry (an unincorporated association), Paul E. Johnson, Williamson County, Tennessee, and City of Brentwood, Tennessee (collectively, "intervening respondents").[3]

---

[3]The intervening respondents argue that Hoover's petition for a writ of certiorari was untimely because it was not filed within sixty (60) days of the Board's December 18, 1997 decision to deny the permit, citing *Advanced Sales, Inc. v. Wilson County*, No. 01-A-01-9805-CH00245, 1999 WL 336305 (Tenn. Ct. App. May 28, 1999). *See* Tenn. Code. Ann. § 27-9-102 (2000). In *Advanced Sales*, this court determined that the triggering date for the accrual of the 60-day period was the date on which the Board denied the permit, and not the date on which the Board's minutes reflecting that denial were approved. *Id.* at *2. However, we reaffirmed the general rule that the date on which the Board's decision is "entered" is the critical date, and that the date of entry is essentially a question of fact. *Id.*; *see Carter v. Board of Zoning Appeals*, 377 S.W.2d 914, 916 (Tenn. 1964) (finding that "rendering" a decision is the Board's act of making the decision in a conclusive manner, and that "entering" a decision is the ministerial act of recording it). In the instant case, the record reflects that the order denying the permit and enumerating the eight findings of fact listed above were entered on January 15, 1998. Therefore, Hoover's petition, filed on March 2, 1998, was not untimely.

On March 13, 2001, the chancery court entered an order affirming the Board's denial of Hoover's application for a conditional use permit. The chancery court first dismissed Hoover's civil rights claims, finding that they were original claims that could not be joined with a writ of certiorari. Next, the court upheld the Board's determination that Hoover's application did not satisfy the requirements of COMZO, because Hoover's proposed reclamation plan used water as the fill material rather than "nontoxic, nonflammable, and noncombustible solids," as specified in the ordinance. *See* COMZO § 17.124.330B.8. Hoover noted that similar reclamation plans had been approved in the past, but the chancery court stated that such a pattern of non-compliance does not vitiate the law. *See State ex rel. Lewis v. Bowman*, 814 S.W.2d 369, 373 (Tenn. Ct. App. 1991). Hoover now appeals from the chancery court's decision, making this the fourth appeal in this matter.

On appeal, Hoover argues that the decision of the Board was arbitrary and was based on a an overall animosity towards the proposed project. Hoover contends that the chancery court erred in upholding the Board's decision based on the use of water in the reclamation plan, because previously the Board had never denied an application for that reason. Hoover asserts that "every other stone processing plant has submitted the same plan of reclamation and received approval." In response, the Metropolitan Government of Nashville and Davidson County ("Metro government") and the intervening respondents argue that the chancery court's decision should be affirmed based on Hoover's failure to use solid material in its reclamation plan.

"[T]he only issue raised by a writ of common law certiorari is whether the Board exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently," or acted without material evidence to support its decision. *Hoover*, 924 S.W.2d at 904; *see also McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn. 1990); *Hemontolor v. Wilson County Bd. of Zoning Appeals*, 883 S.W.2d 613, 616 (Tenn. Ct. App. 1994). "Material evidence" is evidence "material to the question in controversy, which must necessarily enter into consideration of the controversy and [which] by itself, or in connection with other evidence, is determinative of the case." *Fuller v. Tennessee-Carolina Transp. Co.*, 471 S.W.2d 953, 956 (Tenn. Ct. App. 1970). The reviewing court does not weigh the evidence or determine where the preponderance lies. If the Board's action is lawful, within its jurisdiction, and supported by material evidence, then the decision must be affirmed. *Goodwin v. Metropolitan Bd. of Health*, 656 S.W.2d 383, 386-87 (Tenn. Ct. App. 1983).

Hoover argues that the Board's decision to deny the permit based on the use of water, rather than solid material, in its reclamation plan was arbitrary and capricious. Hoover acknowledges that COMZO § 17.124.330 is the applicable law, and that the regulation requires that "[a]ll fill material [in the reclamation plan] shall be nontoxic, nonflammable, and noncombustible *solids*." COMZO § 17.124.330B.8. (emphasis added). Hoover admits that it proposed to fill the quarry with water after the quarry resources had been exhausted, creating a lake rather than filling the quarry site with solid material. It argues, however, that "the Board of Zoning Appeals has always allowed this manner of reclamation," and asserts that the Board has never enforced the "solid fill" condition in the history of the regulations. Hoover argues that the regulation should be read simply as requiring that the fill material be nontoxic, nonflammable, and noncombustible, and that it is immaterial whether fill material is solid or a liquid. Hoover asserts in its appellate brief that counsel for Hoover

represented an applicant who received approval of a quarry with the same reclamation plan only four years earlier. Hoover notes that, although the Board determined that Hoover's plan presented a safety hazard, the Metro Council adopted a new zoning ordinance in 1997 expressly providing that water may be used as the fill material in a quarry reclamation plan.[4]

The Metro government argues that the Board's decision to deny Hoover's application based on its proposed use of water as a fill material in the reclamation plan was not arbitrary, and that it was supported by material evidence.[5] It argues that the Board was required to deny the permit if Hoover did not meet all of the conditions specified in COMZO § 17.124.330, because the Board does not have the authority to deviate from the requirements of the ordinance if the language of the ordinance is plain and unambiguous. The Metro government maintains that the chancery court did not err in concluding that "[a] pattern of non-compliance with the law, no matter how long established, does not vitiate the law." *See State ex rel. Lewis v. Bowman*, 814 S.W.2d 369, 373 (Tenn. Ct. App. 1991). Even if the Board were bound by a past practice of overlooking certain conditions in COMZO, the Metro government argues, Hoover did not set forth sufficient evidence to prove that such a past practice exits in this case. Metro government maintains that the Board did not act unlawfully or arbitrarily in denying Hoover's permit, and that material evidence supported its decision.

In this case, it is clear that Hoover's efforts to establish the quarry have been repeatedly thwarted, and that some of the Board members were, indeed, reluctant to approve Hoover's conditional use permit because the proposed quarry stoked the ire of many citizens in the surrounding neighborhoods. *See Hoover*, 924 S.W.2d at 906 (stating that "[t]here is no doubt that the public opposition to the quarry influenced the board members who abstained"). On appeal, however, we are not at liberty to disagree with the Board based on perception of an underlying motive to placate neighboring landowners. Rather, the scope of our review is limited to determining whether the Board acted arbitrarily or capriciously and whether there was material evidence to support the Board's denial of the permit. Hoover's proposal admittedly did not satisfy a specific condition set out in the ordinance. This Court has held that "when the language of a zoning ordinance is clear, the courts will enforce the ordinance as written." *Lions Head Homeowners' Ass'n v. Metropolitan Bd. of Zoning Appeals*, 968 S.W.2d 296, 301 (Tenn. Ct. App. 1997). Hoover asserts that the Board engaged in a regular practice of ignoring certain specific conditions in the zoning ordinance. Hoover, however, has not submitted evidence to support this assertion. Indeed, Hoover cites only two instances in which the Board has approved water as the fill in a similar reclamation plan. Even in these two instances, there is no way to know if the circumstances involved were similar to those in the instant case. Therefore, we need not address whether the Board would be bound by a past practice of ignoring the requirement to use solids as the fill material, because no such past practice has been established. Under these circumstances, we cannot conclude that the

---

[4]The new body of regulations is referred to as "MetZo" and was adopted in 1997. The parties agree that MetZo is not applicable in this case.

[5]In this appeal, the arguments of the Metro government apply with equal force to the intervening respondents unless otherwise noted.

Board acted arbitrarily or capriciously in enforcing an unambiguous specific condition of the zoning regulations. In light of this holding, the other issues raised on appeal are pretermitted.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to the appellant, Hoover, Inc., and its surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE