IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 20, 2019 Session

## MICHAEL COBBLE ET AL. v. GREENE COUNTY, TENNESSEE ET AL.

Appeal from the Chancery Court for Greene County
No. 20140130          Douglas T. Jenkins, Chancellor

_____

### No. E2018-02017-COA-R3-CV

_____

This case involves an action by the petitioner landowners disputing the grant of a zoning variance to their neighbors, the respondent landowners, for the construction of a carport. In a previous appeal, this Court reversed the respondent county zoning board's grant of the variance and remanded to the trial court for collection of costs and "further proceedings consistent with this [Court's] Opinion." *See Cobble v. Greene Cty.*, 559 S.W.3d 118, 127 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. May 16, 2018) ("*Cobble I*"). Our Supreme Court subsequently denied the county's and zoning board's application for permission to appeal, and this Court issued a mandate on the same day. On September 4, 2018, the petitioners filed a motion for discretionary costs. The county and the zoning board filed a response, asserting that the motion for discretionary costs was untimely pursuant to Tennessee Rule of Civil Procedure 54.04(2). The respondent landowners also filed a response objecting to the motion. Upon finding that this Court's mandate was dispositive of all issues and that the petitioners had failed to file their motion within the thirty days allowed by Rule 54.04(2), the trial court entered an order denying the motion for discretionary costs. The petitioners have appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and CHARLES D. SUSANO, JR., J., joined.

Lora Cobble, Greeneville, Tennessee, Pro Se and for co-appellant, Michael Cobble.

Roger A. Woolsey, Greeneville, Tennessee, for the appellees, Greene County, Tennessee, and Greene County Board of Zoning Appeals.

Earl Scott Moore and Joetta Moore, Greeneville, Tennessee, Pro Se appellees.

**OPINION**

I. Factual and Procedural Background

The petitioners, Michael Cobble and Lora Cobble (collectively, "the Cobbles"), are neighbors to the respondent landowners, Earl Scott Moore and Joetta Moore (collectively, "the Moores"). *Cobble I*, 559 S.W.3d at 119. In December 2013, the Moores began construction of a prefabricated aluminum carport on the front side of their property, which was contrary to the 1984 Greene County Zoning Resolution that required that space to remain open. *Id.* Upon their discovery that they were violating the zoning ordinance, the Moores ceased work on the project and applied for a variance with the respondent Greene County Board of Zoning Appeals ("the BZA"). *Id.* The BZA denied the Moores' first application for a variance. *Id.* The Moores filed a second application for a variance, modifying their request by decreasing the requested variance by seven feet to prevent a protrusion into the public right of way. The Cobbles attended the hearing before the BZA and objected to the variance, but the BZA ultimately granted the Moores' second application. *Id.* at 119-20.

Following the BZA proceedings, the Cobbles filed a Petition for Writ of Certiorari in the Greene County Chancery Court ("trial court") in May 2014, naming the BZA and Greene County ("the County") as respondents. *Id.* at 121. The Cobbles subsequently amended the petition to add the Moores as respondents as well. The trial court issued a writ of certiorari in July 2016 and conducted a hearing on the Cobbles' petition in November 2016. *Id.* Following a hearing, the trial court affirmed the BZA's grant of the Moores' variance application in an order entered on April 2017. *Id.* The Cobbles timely appealed the trial court's judgment to this Court. *Id.* at 124.

On appeal, this Court affirmed the portion of the trial court's judgment finding that *res judicata* was not applicable to the second variance application. However, upon determining that the BZA's decision had not been supported by material evidence, the *Cobble I* Court reversed the trial court's affirmance of the BZA's grant of the variance to the Moores. *Id.* at 125-27. This Court concluded in relevant part:

> A desire to build a carport does not in itself generate grounds for a variance. The Moores own six vehicles. It is not at all clear how the Moores' beneficial use of their property is impaired by any unique hardship from the terrain. On the contrary, it appears that any hardship incurred by

2

the Moores is self-imposed. At the hearing before the BZA, Mr. Moore stated that it is his business how many vehicles he owns. He is correct, but it is another matter then to suggest he is entitled to a variance because of a self-created situation.

With respect to the uniqueness or exceptionalness of the subject property, we find no evidence in the record on appeal, material or otherwise, supporting a conclusion that the Moores' property stands out in any meaningful way. Indeed, the staff report contained in the record states: "The rear of the property is challenged with exceptional topographical conditions. There are other similar lots of record within the subdivision that are also challenged by similar sloped and topographical conditions." This is contradictory. Are all these "other similar lots . . . challenged by similar sloped and topographical conditions" exceptional as well? If every lot is exceptional, no lot is exceptional. The Trial Court found further that "the combination of sloped topography and increased left side-yard setback due to the subject property being a corner lot would make it difficult to locate the carport in that area." However, a map of Mountain View Terrace contained in the record reveals that there are a number of properties abutting more than one street in the subdivision. Once again, the subject property simply is not distinctive. If Greene County considers the current zoning requirements unduly harsh or oppressive, then they may revisit them legislatively. However, adopting the position of the BZA in the present appeal would mean the exceptions collapse the rule in this subdivision.

Having reviewed the record thoroughly, we find no material evidence to support the BZA's decision to grant the Moores' application for a variance. We, therefore, reverse the Trial Court as to its affirming the BZA's grant of the variance.

*Id.* at 126-27. This Court remanded the case to the trial court "for further proceedings consistent with [the appellate] Opinion and for collection of costs below." *Id.* at 127.

On February 20, 2018, the County and the BZA filed an application for permission to appeal to the Tennessee Supreme Court, pursuant to Tennessee Rule of Appellate Procedure 11, which was subsequently denied by the Supreme Court on May 16, 2018. Also on May 16, 2018, the appellate court clerk issued a mandate to the trial court, signifying the end of the first appeal.

On September 4, 2018, the Cobbles filed a motion for discretionary costs in the trial court. The Cobbles concomitantly filed an "Itemized and Verified Bill of Costs," claiming total costs of $1,911.21, consisting of the following expenses: $647.00 for court costs, $691.90 for court reporter fees, $188.54 for postage charges, $10.00 for a parking fee, and $373.77 for copying costs. Also on September 4, 2018, the Cobbles filed a "Motion for Final Order Consistent with Appellate Opinion" and a motion for refund of their cash bond.

On September 11, 2018, the Moores, acting without benefit of counsel, filed a response to the Cobbles' motion for discretionary costs, stating that they had complied with the instructions received from the County and that they had "not done anything to warrant payment of any costs the Cobble[s] may have incurred in this lawsuit." The Moores requested that the trial court order the County to reimburse them for their costs resulting from the grant of the variance.

On September 18, 2018, the County and the BZA filed a response to the Cobbles' motion for discretionary costs, averring that the Cobbles' motion was untimely because it should have been filed within thirty days of the appellate court's mandate filed in the trial court, pursuant to Tennessee Rule of Civil Procedure 54.04(2) and Tennessee Rule of Appellate Procedure 43(a). According to the County and the BZA, because the appellate court's mandate was issued on May 16, 2018, the Cobbles were required to file their motion for discretionary costs on or before June 15, 2018.

Following a hearing, the trial court entered an order on October 8, 2018, finding that the appellate court's "mandate was dispositive of all issues and that there is no need for a final judgment in this case or any need to remand this matter to the [BZA]." Upon finding that no final judgment was necessary on remand, the trial court determined that the Cobbles' September 4, 2018 motion for discretionary costs was untimely. The trial court thereby denied the Cobbles' motions requesting discretionary costs, entry of a final judgment, and remand to the BZA. The court granted the Cobbles' motion for refund of the cash bond deposited with the trial court clerk and master. The Cobbles timely appealed.

## II. Issues Presented

The Cobbles present two issues on appeal, which we have restated as follows:

1.    Whether the trial court erred by determining that the Cobbles' motion for discretionary costs was untimely.

4

2.   Whether the trial court erred by determining that entry of a final judgment and remand of the case to the BZA was unnecessary following resolution of the previous appeal to this Court.

## III.  Standard of Review

Our review of the trial court's judgment following a non-jury proceeding is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).  "In order for the evidence to preponderate against the trial court's finding of fact, the evidence must support another finding of fact with greater convincing effect."  *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)).  We review the trial court's conclusions of law, including its interpretation of the Tennessee Rules of Civil Procedure, *de novo* with no presumption of correctness.  *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (citing *Dial v.* Harrington, 138 S.W.3d 895, 897 (Tenn. Ct. App. 2003)).

We generally review an award or denial of discretionary costs according to an abuse of discretion standard.  *See* Tenn. R. Civ. Pro. 54.04(2) ("Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion."); *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999) ("Absent a clear abuse of discretion, appellate courts generally will not alter a trial court's ruling with respect to costs.").  An abuse of discretion occurs when a trial court "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining."  *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).  Concerning the assessment of discretionary costs, this Court has explained:

Pursuant to rule 54.04, trial courts are vested with wide discretion in awarding discretionary costs, and this court will not interfere with such an award except upon an affirmative showing that the trial court abused its discretion.  Generally, trial courts award such costs to whichever party ultimately prevails in the lawsuit, provided the prevailing party has filed a timely, properly supported motion.  The successful party is not, however, automatically entitled to an award of costs.  Instead, trial courts are free to apportion costs between the litigants as the equities of each case demand.  Accordingly, if any equitable basis appears in the record which will support the trial court's apportionment of costs, this court must affirm.  Moreover,

5

on appeal, the appellant bears the burden of showing that the trial court abused its discretion in its assessment of costs.

*Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998) (internal citations omitted) (emphasis added).

We note that Lora Cobble is an attorney, licensed to practice in Tennessee, who is representing herself *pro se* and representing Michael Cobble in this action. The Moores have proceeded *pro se* throughout both appeals. In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We respect the Moores' decision to proceed without benefit of counsel and note that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Although parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

IV. Motion for Discretionary Costs

The Cobbles acknowledge that Tennessee Rule of Civil Procedure 54.04(2) requires that when an appellate decision has resulted in a different party prevailing than prevailed in the trial court, the new prevailing party must file a motion for discretionary costs within thirty days of the appellate court's mandate for the motion to be timely. However, the Cobbles contend that because this Court in *Cobble I* remanded this action to the trial court for proceedings consistent with the appellate opinion, the trial court was required to enter a final judgment reversing the BZA's grant of the variance and remanding to the BZA. The Cobbles thereby argue that their motion for discretionary costs was timely because they reasonably anticipated a final hearing in the trial court and filed their motion before any such hearing was held. The County and the BZA assert that because this Court's decision in *Cobble I* constituted a final disposition of the action on the merits and because all parties were required to abide by the appellate decision, the trial court was not required to enter a final judgment on remand from this Court. Citing Rule 54.04(2), the County and the BZA argue that a motion for discretionary costs had to be filed within thirty days of this Court's mandate in order to be timely. Upon careful

review of the record and the applicable authorities, we determine that the trial court properly denied the Cobbles' motion for discretionary costs as untimely.

Tennessee Rule of Civil Procedure 54.04(2) provides in pertinent part:

Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal. In the event an appeal results in the final disposition of the case, under which there is a different prevailing party than the prevailing party under the trial court's judgment, the new prevailing party may request discretionary costs by filing a motion in the trial court, which motion shall be filed and served within thirty (30) days after filing of the appellate court's mandate in the trial court pursuant to Rule 43(a), Tenn. R. App. P.

(Emphasis added.)[1]

In support of their argument that the first part of Rule 54.04 applies to this situation, meaning that they would have had thirty days to file a motion for discretionary costs following entry of a final judgment in the trial court on remand from this Court, the Cobbles rely in part on the 2005 Advisory Commission Comment to Rule 54.04,[2] which states:

In some cases, the "prevailing party" under the trial court's judgment may not be the prevailing party following an appeal of the judgment. The amendment to Rule 54.04(2) provides a procedure for requesting discretionary costs in cases in which: (1) the appellate court's decision is a final disposition of the merits of the case; and (2) the appellate court's decision results in a new prevailing party. The amendment does not cover cases in which the appellate court's decision is not a final disposition of

---

[1] Tennessee Rule of Appellate Procedure 43(a) provides: "Filing of Mandate. The clerk of the trial court shall file the mandate promptly upon receiving it." We note that the copy of the mandate appearing in the appellate record does not have the trial court's filing date stamp on it. Inasmuch as both parties have referenced this Court's issuance date of the mandate of May 16, 2018, as the relevant date, we will treat the issuance date as the date filed in the trial court throughout this analysis.

[2] "While the Advisory Commission Comments are not binding, they are compellingly persuasive." *McCollum v. City of Friendsville*, No. 03A01-9505-CV-000158, 1995 WL 635750, at *5 (Tenn. Ct. App. Oct. 31, 1995).

merits of the case, i.e., cases that are remanded for a new trial or for other proceedings on the merits; in such cases, a motion for discretionary costs may be filed following the trial court's ultimate judgment on remand.

It is undisputed that this Court's decision in *Cobble I* resulted in a new prevailing party. *See Bradford v. Sell*, No. E2008-02424-COA-R3-CV, 2009 WL 3103814, at *7 (Tenn. Ct. App. Sept. 29, 2009) ("A party who prevails in the trial court but loses on appeal is no longer the prevailing party." (citing *Progressive Casualty Ins. Co. v. Chapin*, 243 S.W.3d 553, 562 (Tenn. Ct. App. 2007))). However, the Cobbles do not explain how this Court's decision in *Cobble I* may be interpreted as anything other than a final disposition of the merits of the case. The Cobbles argue that the remand in *Cobble I* for "further proceedings consistent with this Opinion and for collection of the costs below," 559 S.W.3d at 127, indicated that a final judgment disposing of the case in the trial court was still required. We disagree.

Our Supreme Court has explained that "[w]hen an appellate court remands an action to a trial court, the trial court regains jurisdiction over the matter." *Parrish v. Marquis*, 137 S.W.3d 621, 624 (Tenn. 2004). Tennessee Code Annotated § 21-1-810 (2009) provides:

> In all cases remanded by the supreme court or court of appeals to any court for the execution of an order of reference, order of sale or for other proceedings directed in the decree of the appellate court or in the decree of the lower courts as affirmed or modified by the appellate court, the cases shall be deemed reinstated in the lower court from the time of filing with the clerk and master or clerk of the court a certified copy of the decree or mandate of the appellate court; and thereafter such cases may be proceeded in, in accordance with the decree of the appellate court, <u>without any action of the lower court on the case</u>. It shall not be necessary for the decree or mandate of the appellate court to be spread of record, in the lower court, by direction of the lower court, before the clerk and master, clerk of the court, or the parties may proceed in such case in accordance with the decree or mandate of the appellate court.

(Emphasis added.) "Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court." *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425-26 (Tenn. Ct. App. 2007) (quoting *Earls v. Earls*,

No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)).

In the case at bar, the trial court entered a final judgment in April 2017, affirming the BZA's grant of a variance to the Moores and dismissing the Cobbles' petition for a writ of certiorari. Upon the Cobbles' appeal, this Court, *inter alia*, reversed the trial court's affirmance of BZA's decision to grant the variance. *Cobble I*, 559 S.W.3d at 127. Our Supreme Court subsequently denied the County's and BZA's application for permission to appeal, and this Court issued its mandate to the trial court on May 16, 2018. At that point, the appellate judgment stood in place of the trial court's judgment, and the procedural posture was as though the trial court had reversed the BZA's decision concerning the variance. *See Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992) ("The judgment on appeal, when recorded in the Appellate Court, stands in the place of the judgment of the Trial Court, and the legal situation is as if the judgment so recorded had been originally rendered by the Trial Court." (adopting principle as quoted from *Swift & Co. v. Leon Cahn & Co.*, 151 La. 837, 92 So. 355 (1922))). As the County and the BZA properly note, the parties, including the BZA, were required, upon issuance of the mandate from this Court, to abide by the appellate decision reversing the grant of the variance.

The Cobbles' interpretation of Rule 54.04(2) would only apply if this Court's decision in *Cobble I* had not been "a final disposition of the merits of the case." *See* 2005 Advisory Comm'n Comment to Tenn. R. Civ. P. 54.04. To the contrary, in *Cobble I*, this Court resolved all outstanding issues, unequivocally found "no material evidence to support the BZA's decision to grant the Moores' application for a variance," and reversed the BZA's grant of the variance. *See* 559 S.W.3d at 127. This Court's remand operated to transfer jurisdiction back to the trial court with the accompanying authority for the trial court to collect costs and enforce the judgment as rendered by the appellate court. *See, e.g.*, *Tenn. Rand, Inc. v. Automation Indus. Grp., LLC*, No. E2011-00280-COA-R3-CV, 2012 WL 130898, at *9 (Tenn. Ct. App. Jan. 12, 2012) (explaining regarding a previous appellate opinion in the same case that had "remanded for further proceedings," that "[o]ur opinion left nothing of substance to be done by the trial court with regard to the monetary award . . . . Our opinion and judgment stand as if the August 2008 judgment had never been disturbed.").

In this case, we conclude that there were no meritorious issues remaining for the trial court to adjudicate and no evidentiary hearings for the trial court to conduct. *See* 2005 Advisory Comm'n Comment to Tenn. R. Civ. P. 54.04 (noting examples of cases in which the appellant opinion is not a final disposition on the merits as "cases that are remanded for a new trial or for other proceedings on the merits"). Therefore, pursuant to

9

Rule 54.04(2), the Cobbles, as the prevailing parties following the appellate decision, were required to file their motion for discretionary costs within thirty days of this Court's issuance of the mandate on May 16, 2018, or by June 15, 2018. The Cobbles did not file their motion until September 4, 2018. The trial court did not err by denying the Cobbles' motion for discretionary costs as untimely.

### V. Remand to the BZA

The Cobbles also contend that the trial court erred by declining to remand this case to the BZA so that the BZA could vacate the variance previously granted to the Moores. In response, the County and the BZA assert that because all parties are obligated to act in accordance with the appellate decision and because no further determination from the BZA is required in this matter, the trial court did not err in finding that it was unnecessary to remand the case to the BZA. We agree with the County and the BZA on this issue.

In support of their argument, the Cobbles rely on this Court's decision in *Hoover, Inc. v. Metro. Bd. of Zoning Appeals for Davidson Cty.*, 955 S.W.2d 52 (Tenn. Ct. App. 1997). *Hoover* involved the third appeal before this Court of what was initially a zoning board's denial of the petitioner's application for a conditional use permit to operate a quarry. *Hoover*, 955 S.W.2d at 52-53. Upon remand from this Court to the trial court in the second appeal, the trial court remanded to the zoning board "with directions to consider the operator's application in light of the record at the original hearing together with additional evidence of changed conditions in the area since the original hearing." *Id.* at 53. On appeal of the trial court's decision to allow additional evidence, this Court determined that the trial court had "correctly remanded the case to the Board with directions to deliberate and make a decision" but that "the Board's deliberations should be limited to the evidence presented at the original hearing." *Id.* As the *Hoover Court* explained:

> The common-law writ of certiorari is a supervisory writ, that provides the courts with limited options for dealing with error discovered in the proceedings being reviewed. Because courts should avoid requiring local zoning authorities to take a particular action except in the most extraordinary circumstances, the most common judicial remedy in zoning cases is to remand the case to the zoning agency with instructions appropriate to the circumstances of the case. 4 Robert M. Anderson, *American Law of Zoning* § 27.39, at 598 (3d ed. 1986). Rather than shouldering the local agency's responsibilities, the courts should insist that the agency carry out its task in an appropriate manner. *See Sanon v. INS*, 52 F.3d 648, 652 (7th Cir. 1995); *Rhode Island Higher Educ. Assistance*

*Auth. v. Secretary, U.S. Dep't of Educ.*, 929 F.2d 844, 857 (1st Cir. 1991). The goal of a remand should be to place the parties and the agency in the position they would have been in had the agency not acted improperly. *See Getty v. Federal Sav. & Loan Ins. Corp.*, 805 F.2d 1050, 1061 (D.C. Cir. 1986); *Revelle v. Marston*, 898 P.2d 917, 921 (Alaska 1995).

Under the facts of this case, the trial court correctly declined to direct the Board to issue [the petitioner] the conditional use permit it requested. However, in light of the interests of these parties and the nature of the administrative and judicial proceedings that have already occurred, we have determined that the most appropriate remedy is to remand the case to the Board with directions to conduct a new hearing based on the existing record without the introduction of additional factual evidence.

*Id.* at 55.

We find the facts of the instant action to be significantly distinguishable from those in *Hoover.* Among the considerations upon which this Court based its holding in *Hoover* was that the reversal of the zoning board's original decision had been "not because of defects in the fact-finding process or because the record contained inadequate evidence to support the Board's decision, but rather because the Board did not consider the evidence in a fair and legal manner." *Id.* In *Hoover*, because the zoning board had not yet fully considered the evidence in reaching its decision, this Court directed that the zoning board should essentially shoulder its responsibilities and carry out its task in an appropriate manner. *See id.* In the instant action, this Court determined in *Cobble I* that the BZA's grant of the variance was not supported by material evidence in the record and vacated the variance with no further consideration by the BZA required. *Cobble I*, 559 S.W.3d at 127.

The Cobbles assert that without remand to the BZA, the variance will not be vacated and could potentially be relied on by a future landowner. To the contrary, we determine that the variance was vacated by the final disposition of the issue on appeal and that the appellate court's judgment stands in place of the trial court's judgment as an enforceable order vacating the variance. *See Inman*, 840 S.W.2d at 932. The Cobbles have not disputed the County's and the BZA's assertion on appeal that all parties, including the BZA, have "acted in compliance with the orders of the Appellate Court." Simply put, there is nothing more for the BZA to do that has not been accomplished by entry of the appellate court's opinion and judgment disposing of the issue. The trial court did not err in declining to remand this matter to the BZA.

## VI.  The Moores' Cost Reimbursement Request

Proceeding *pro se*, the Moores have filed a one-page "Brief of Appellees" in which they have repeated the statements they presented in their response, filed in the trial court, to the Cobbles' motion for discretionary costs.  The Moores assert that they have followed all instructions received from and all fees demanded by the County and that they have "not done anything to warrant payment of any costs the Cobble[s] may have incurred in this lawsuit."  As previously requested from the trial court in their response to the motion for discretionary costs, the Moores request on appeal that this Court "require Greene County to reimburse [them] for the costs resulting from the granting of the variance at issue in this case."

In its October 2018 final judgment, the trial court did not directly address the request in the Moores' response to the motion for discretionary costs.  However, the court did find that the "Appellate Court's mandate was dispositive of all issues."  Although it is true that in reviewing pleadings, courts "must give effect to the substance, rather than the form or terminology of a pleading," *see Stewart*, 368 S.W.3d at 462, we determine in this instance that the Moores' response did not constitute a proper cross-claim against the County, pursuant to Tennessee Rule of Civil Procedure 7.01, in that it was not designated as such and it was not filed until many months after the dispositive issues had been resolved in *Cobble I*.

We further determine that on appeal, the Moores have waived any issue concerning their cost reimbursement request because they have failed to comply with Tennessee Rule of Appellate Procedure 27 concerning, *inter alia*, a statement of the issues presented for review, references to the record, and citations to authorities.  *See Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009) ("Our Courts have 'routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised].'" (quoting *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000))).  Ergo, the Moores' cost reimbursement request is denied.

## VII.  Conclusion

For the reasons stated above, we affirm the trial court's judgment in its entirety.  The costs on appeal are assessed against the appellants, Michael Cobble and Lora

Cobble. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the judgment and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE