**ANDERSON COUNTY, Tennessee,
Plaintiff-Appellee,**

v.

**REMOTE LANDFILL SERVICES,
INC., Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Oct. 31, 1991.

Permission to Appeal Denied by
Supreme Court March 30, 1992.

**904**

Arthur G. Seymour, Jr., and Robert L. Kahn, Frantz, McConnell & Seymour, and Keith McCord, McCord, Weaver & Troutman, Knoxville, for defendant-appellant.

David A. Stuart, Stuart & Van Riper, Clinton, for plaintiff-appellee.

## OPINION

SANDERS, Presiding Judge, Eastern Section.

The Appellant appeals from a chancery decree enjoining it from further development of its sanitary landfill in Anderson County until it receives approval of the governing body of Anderson County, pursuant to T.C.A. § 68–33–103. It is the insistence of the Appellant it had received the required approval of the governing body through its Planning Commission and its Board of Zoning Appeals. We agree with Appellant's insistence, and reverse for the reasons hereinafter set forth.

In 1977 the county legislative body of Anderson County adopted a comprehensive zoning ordinance for Anderson County pursuant to T.C.A. § 13–7–101, *et seq.* The

statute gave the legislative body in each county the right to regulate the use of land in each county which is located outside of municipal corporations. Among the various use zones created in the Anderson County ordinance was "A–1 Agriculture–Forestry District." A number of uses were permitted under the "A–1" District. There were also a number of "use permitted" uses the "A–1" District could be used for. As pertinent here, Paragraph 7.4.C of the ordinance provided: *"Special Exceptions:* In the A–1 Agriculture–Forestry District, the following uses and their accessory uses may be permitted subject to review and approval by the Anderson County Board of Zoning Appeals in accordance with the provisions of Article 11, Section 11.5." Among these uses permitted was: "Sanitary landfill operations, subject to the approval of the Anderson County Health Department and the Tennessee Department of Public Health."

Article 11, Section 11.5 of the Ordinance provides:

"11.5 *Procedure for Authorizing Special Exceptions.* The following procedure is established to provide a means for review of a proposed use by the Board of Zoning Appeals. The procedure shall be the same whether review is required by the resolution or whether a review is requested by the Zoning Officer to determine whether a proposed use is potentially dangerous, noxious, or offensive.

"A. *Applications:* An application shall be filed with the Board of Zoning Appeals for review. Said application shall show the location and intended uses of the site, the names of the property owners, and existing land uses within one thousand (1,000) feet, maps and documentation required by other relevant provisions of this resolution, and any other information deemed necessary and proper by the Board.

"B. *Restrictions:* In the exercise of its approval, the Board of Zoning Appeals may impose such conditions upon the proposed uses of buildings or land as it may deem advisable in the furtherance of the general purposes of this resolution.

"C. *Validity of Plans:* All approved plans, conditions, restrictions, and rules made a part of the approval of the planning commission shall constitute certification on the part of the applicant that the proposed use shall conform to such regulations at all times.

"D. *Time Limit:* All complete applications reviewed by the Board shall be decided within sixty (60) days of the date of application, and the applicant shall be provided with either a written notice of approval or denial."

The ordinance also created a Board of Zoning Appeals in accordance with the requirements of T.C.A. § 13–7–106, with authority "to hear and decide applications for special exceptions."

Article 10 of the ordinance provided for the "administration and enforcement" of the ordinance. As pertinent here, Section 10.2 provided: "The provisions of this resolution shall be administered by the Anderson County Zoning Office. The Zoning Officer shall administer and enforce this resolution." The Ordinance also gives the Zoning Officer the authority to issue building permits and temporary use permits and to issue "stop work orders." At all times pertinent here, Mr. Leon Waters was the Zoning Officer for Anderson County.

Some time in the latter part of 1988 Mr. Charles N. Whicker, Jr., who was general manager of Defendant–Appellant Remote Landfill Services, Inc. (Remote), became interested in developing and operating a sanitary landfill on a tract of land in Anderson County. Mr. Whicker went to the Anderson County Zoning Office and asked Mr. Waters what steps he needed to take to get the land zoned for operation of a landfill. Mr. Waters told him the first thing he needed to do was to get the approval of the state.

As pertinent here, T.C.A. § 68–33–101, et seq., known as the Sanitary Landfill Areas Act (SLAA), provided that no landfill area for the disposal of solid waste shall be

constructed until the area shall have been approved by the Department of Health and Environment (DHE). After contacting DHE, Remote set out to meet the requirements of DHE to get approval of the area. This required a tremendous amount of geological work and surveys on the property, such as drilling for water levels, soil testing, etc. In December, 1988, Remote received the geological report of preliminary approval by DHE.

In April, 1989, Remote filed an application with the Anderson County Planning Commission (PC) for approval of the area for a landfill. The PC held a public hearing on the application. The PC found Remote had met all the requirements and issued a preliminary permit on May 9, 1989.

Remote then filed an application with the Anderson County Board of Zoning Appeals (BZA) for the landfill site to be approved as a special exception under the Zoning Ordinance. Midge Jessiman, staff planner for the local state planning office, notified BZA that Remote had met all requirements under the Zoning Ordinance and it was appropriate to approve the landfill site as a special exception under the Zoning Ordinance.

On May 22, 1989, BZA unanimously approved the landfill site for use as a landfill as a special exception under the Zoning Ordinance. No appeal was taken from this ruling.

At that time, the Metropolitan Knox Solid Waste Authority, Inc., in Knox County (Knox County Authority) was developing a large incinerator in Knox County to dispose of solid waste. Remote appeared before the Knox County Authority in June, 1989, to solicit approval to receive the incinerator ash and other solid waste for disposal at its landfill site. The Knox County Authority requested that Anderson County verify Remote's local approval. On June 13, 1989, Suzanne T. King, Deputy Zoning Officer for Anderson County, informed the Knox County Authority that Remote had, among other approvals, obtained the necessary approval from BZA, had met the requirements and criteria of Anderson County regarding the construction of the landfill site, and was awaiting final approval from the state.

DHE published notice of a public hearing on the landfill site in February, 1990. Following the public hearing and the expiration of the period for filing written comments, DHE issued a permit to Remote authorizing Remote to construct and operate a landfill facility.

In the early part of 1990 the Board of Commissioners of Anderson County began a series of actions in an attempt to prevent the landfill from being built. At their regular meeting in March they adopted a resolution strongly opposing the landfill. In their resolution they stated they should urge the governor and Anderson County's state legislators to use their influence to take whatever legal action was permitted under state law to prevent the landfill from being operated. In another resolution they urged that Anderson County legislators have the general assembly pass a private or public act which would prohibit any other landfills from being located in Anderson County. At the meeting of the Board of Commissioners in May, they adopted another resolution saying the landfill "is hereby disapproved." The following are excerpts from the county attorney's explanation of the purpose of the resolution: "The purpose of this resolution is to have the Board of County Commissioners expressly disapprove this landfill site and, hopefully, create an obstacle to having the landfill completed there"; "This resolution alone might be sufficient to stop it, but I would recommend that as a back-up measure we also look at the appropriate amendments to the zoning ordinance"; and "[W]e don't know yet to what extent these efforts are going to be successful in stopping the landfill and—but the idea is to create a variety of barriers and, hopefully, one of which will stop it...."

Although on May 22, 1990, Mr. Waters, the Anderson County Zoning Officer, had issued Remote a grading permit for constructing a permanent road into the project, on June 13, 1990, at the request of the Board of Commissioners, he issued a "stop work notice" to Remote.

On June 19, 1990, Anderson County filed a complaint against Remote asking for a declaratory judgment and injunctive relief. The essence of the County's complaint was that Remote never received approval of the governing body of the area in which the landfill site was to be located. The County relied upon T.C.A. § 68–33–103 which, as pertinent here, provides: "No landfill area for the disposal of solid waste materials in this state shall be constructed ... unless the location of the landfill area shall have been approved by the ... governing body of the area in which the site is located." The County said, since Remote failed to receive approval from its governing body to place a landfill in the area where the proposed site is located, it should be enjoined from proceeding further. The County prayed for a temporary restraining order, which was issued.

Remote filed a Rule 12, T.R.C.P., motion alleging: "[T]he Complaint fails to state a cause of action for which relief can be granted for the reason that Anderson County and its governing body, having enacted a zoning ordinance as authorized under T.C.A. § 13–7–101, et seq., and having created under said ordinance a Board of Zoning Appeals pursuant to T.C.A. § 13–7–106 with jurisdiction and powers authorized pursuant to T.C.A. §§ 13–7–107, 13–7–108 and 13–7–109, has already authorized and approved, to the full extent necessary and required by applicable law, the location, site, use and plans for Defendant to operate a sanitary landfill in Anderson County, Tennessee. The Anderson County Board of Zoning Appeals approved the location, site and use at its meeting on May 22, 1989, which approval is final and non-appealable. Defendant's plans for the landfill were approved by the Anderson County Regional Planning Commission on May 9, 1989."

The Rule 12 motion was overruled and Remote filed its answer. In its answer it said that, for the same reasons set forth in its Rule 12, T.R.C.P., motion, the governing body of Anderson County had approved the site for the sanitary landfill and no further approval or consent was required under the provisions of T.C.A. § 68–33–103. It denied the provisions of T.C.A. § 68–33–101, et seq., apply to the Plaintiff because it is unconstitutional, null and void.

As an affirmative defense, the Defendant alleged it had complied with all of the requirements of the Zoning Ordinance and the Zoning Board of Appeals and all of the requirements of DHE to have the area zoned as a landfill site and any attempt by the County or its Board of Commissioners to prevent or deny Defendant's right to operate a landfill facility is illegal, arbitrary, and void.

Upon the trial of the case, the chancellor found: "The enactment of the Zoning Ordinance and its delegation to the Board the authority to grant the special use permit does not constitute the approval required by T.C.A. 68–33–103." He also held T.C.A. § 68–33–101, et seq., was not unconstitutional and that until such time as the Defendant complied with T.C.A. § 68–33–101, et seq.—that is, getting the approval of the governing body of Anderson County for the location of the landfill site—it is enjoined from further construction of a landfill on its property.

The Defendant has appealed, presenting the following issues for review:

1. "Whether Remote's Landfill Site has been approved by the governing body of Anderson County";

2. "Where a county governing body has enacted a Zoning Ordinance approving and permitting land to be used as a landfill and the landfill site has been approved and permitted under the Tennessee Solid Waste Disposal Act, Tenn.Code Ann. § 68–31–101, et seq., does the Sanitary Landfill Areas Act, Tenn.Code Ann. § 68–33–101, et seq., assuming it is constitutional, authorize and empower the county governing body to arbitrarily and without due process, summarily disapprove and 'veto' the use of the land as a sanitary landfill by adopting a simple resolution in contravention of the County Zoning Ordinance?";

3. "Whether the May 21, 1990, Resolution of the Anderson County Board of Commissioners disapproving the Landfill Site denied [sic] Remote due process, is an arbitrary, unreasonable and capricious act, and

effectively amended the Zoning Ordinance without compliance with statutory requirements";

4. "Should the expenditure of substantial funds for engineering, testing, and developing plans and specifications for the design and construction of a solid waste disposal facility pursuant to the Tennessee Solid Waste Disposal Act, Tenn.Code Ann. § 68–31–101, *et seq.*, in combination with compliance with the requirements of all local zoning ordinances serve to vest in the Defendant–Appellant the right to use its property as a landfill notwithstanding the subsequent attempt by the governing body of Anderson County to disapprove the use of the land as a landfill pursuant to the Sanitary Landfill Areas Act, Tenn.Code Ann. § 65–33–101, *et seq.*?;

5. "Is the Sanitary Landfill Areas Act, Tenn.Code Ann. § 68–33–101, *et seq.*, unconstitutional?"

■ We hold the answer to the first issue to be in the affirmative. Before further discussion of this issue, however, we think it appropriate to point out that the proof in the record, without dispute, showed the Defendant had complied with all of the requirements of the Anderson County Zoning Ordinance and T.C.A. § 68–33–101, *et seq.*, except it had not gone before the governing body of Anderson County to secure additional approval of the landfill site.

In his memorandum opinion, the chancellor said: "The defendant has taken all steps required pursuant to the county's Zoning Ordinance which would authorize the use of defendant's property for a landfill." We concur in this finding. The chancellor, in his opinion, did not say whether the approval of the Anderson County Planning Commission and Board of Zoning Appeals did or did not constitute the approval of the governing body of Anderson County insofar as the Zoning Ordinance was concerned. Instead, he held it "did not constitute the approval required by T.C.A. § 68–33–103." Since the governing body of Anderson County expressly provided in its Zoning Ordinance adopted in 1977 that sanitary landfills could be operated in A–1

Agriculture–Forestry Districts, subject to review and approval by its County Zoning Board of Appeals, we find nothing in T.C.A. § 68–33–103 which would require a second approval by the governing body after the Board of Zoning Appeals had given such approval. There is nothing ambiguous in the wording of T.C.A. § 68–33–103. In simple terms, it says, "No landfill shall be constructed in a county unless its location has been approved by its governing body." Has the governing body of Anderson County approved the location for the landfill? That question answers itself.

The second question which arises is: What would be the purpose in requiring a second approval by the governing body? If there be one, we think it was answered in the case of *Sexton v. Anderson County*, 587 S.W.2d 663 (Tenn.App.1979) where the court, addressing the enactment of the Anderson County Zoning Ordinance, said:

> By the inclusion of a sanitary landfill as a special exception, obviously the Quarterly County Court did not consider that a landfill per se would be harmful to general health, safety and welfare. If, during the course of operation of a landfill, such conditions develop, a remedy is available to abate such conditions as would be harmful to general health, safety and welfare.

*Id.* at 665.

■ To interpret T.C.A. § 68–33–103 as the holding of the court would require would make it in sharp contrast with and contradictory to T.C.A. § 13–7–101, *et seq.*, and Articles 7 and 11 of the Anderson County Zoning Ordinance. In construing statutes and ordinances, courts should, where it is possible, read the statutes and ordinances in such manner as to avoid conflict with other statutes. In the case of *Tennessee MFR'D Housing v. Metro Government of Nashville*, 798 S.W.2d 254 (Tenn.App.1990) the court, in addressing the construction of statutes and ordinances, said:

> Courts should construe municipal ordinances, including zoning ordinances, us-

ing the same rules of construction applicable to statutes.

798 S.W.2d at 260.

In *Parkridge Hospital, Inc. v. Woods,* 561 S.W.2d 754 (Tenn.1978) the court, in addressing the necessity of reconciling statutes, said:

It is the duty of the Court in construing statutes to avoid a construction which will place one statute in conflict with another, and the Court should resolve any possible conflict between the statutes in favor of each other, whenever possible, so as to provide a harmonious operation of the laws.

In the case of *State ex rel. Browning–Ferris Industries of Tenn., Inc. v. Board of Commissioners of Knox County,* 806 S.W.2d 181 (Tenn.App.1990), in addressing the issue of how zoning laws should be construed, the court said:

Although elemental, it bears restating that the right of a county to enact or amend zoning regulations is based upon powers delegated to it by the state legislature by specific enabling act. (Citations omitted.) Furthermore, inasmuch as zoning laws are in derogation of the common law and operation to deprive a property owner of a use of his land that would otherwise be lawful, they are to be strictly construed by the courts in favor of the property owner. (Citations omitted.)

806 S.W.2d at 187.

We hold it was error for the trial court to find that approval could not be given for the location of the landfill by an administrative agency of the governing body, that is, the Board of Zoning Appeals, but that consent could be given only by the governing body. In addressing this issue, the court, in *Houck v. Minton,* 187 Tenn. 38, 212 S.W.2d 891 (1948), said:

There is manifest error in the contention that the governing authority of a city, as to enforcement of some specific police power, must be exercised solely by a legislative council. .... The agencies of government in a municipality vary in number and, singly or collectively, may be a part of its governing authority.

212 S.W.2d at 891.

The court further said: "Our cases are numerous wherein the question of the delegation of police power by the Legislature to subordinate agencies has been approved." *Id.* at 895.

We also hold it was error for the trial court to fail to find the Planning Commission and the Board of Zoning Appeals did, on behalf of the governing body of Anderson County, approve the landfill location site for the Defendant. It is a well-settled principle of law in this jurisdiction that a governing body may delegate administrative powers to a planning commission or a board of zoning appeals:

The powers, duties, and authority of particular bodies or officials charged with the administration of the zoning regulations are such as are conferred on them by the controlling legislative provisions. *The local legislative body may delegate to the administrative agency full authority to execute the legislative policy, controlled by specified rules of conduct....*

101A C.J.S. Zoning and Land Planning § 178. (Emphasis ours.) The legislative body of Anderson County "delegate[d] to the administrative agency full authority to execute the legislative policy" as set forth in its ordinance, where it provided, in Article 10, Section 10.2 as follows: "The provisions of this resolution shall be administered by the Anderson County Zoning Office. The Zoning Officer shall administer and enforce this resolution."

In *McCallen v. City of Memphis,* 786 S.W.2d 633 (Tenn.1990) the court, in addressing the exercise of delegated administrative authority, said: "In order to qualify as an administrative, judicial, or quasi-judicial act, the discretionary authority of the government body must be exercised within existing standards and guidelines." This raises the question of what were the "existing standards and guidelines" set out in the ordinance for the Defendant to get approval for a landfill site at the time it filed its application. The answer to that

question is contained in Article 7, Section 7.4(c), which provides: "In the A–1 Agriculture–Forestry District, the following uses [sanitary landfill operations] and their accessory uses may be permitted subject to review and approval by the Anderson County Board of Zoning Appeals...." When the Board of Zoning Appeals gave approval to Remote to construct and maintain its landfill in the area applied for, that not only satisfied the requirements of the Zoning Ordinance but also the requirements of T.C.A. § 68–33–103.

■ The Appellant's second issue is whether the Board of Commissioners of Anderson County was empowered to arbitrarily and summarily disapprove and "veto" the use of Appellant's land as a sanitary landfill. The answer to this issue is in the negative. Even if the Board of Commissioners of Anderson County had retained the right to review the action of the Planning Commission or the Board of Zoning Appeals or had this power been conferred by T.C.A. § 68–33–101, *et seq.*, the Commission would have been without authority to deny permission under the facts in the case at bar.

■ In view of the trial court's holding that the Defendant had complied with all of the requirements of the Zoning Ordinance and our holding that he has complied with all the requirements of T.C.A. § 68–33–101, *et seq.*, nothing remains to be done except the issuance of a permit, and that cannot be arbitrarily denied. In the case of *Harrell v. Hamblen County Quarterly Court,* 526 S.W.2d 505 (Tenn.App.1975) this court quoted with approval as follows:

"Ordinarily the issuance of a building permit is purely an administrative act, and the person charged with its issuance must follow the literal provisions of the zoning ordinance. He is circumscribed by their provisions and absent some cogent reason based on the wording in the ordinance, the granting of a permit is required as a matter of course. The granting or withholding of a permit is not a matter of arbitrary discretion. If the applicant complies with the require-

ments of the ordinance, he is entitled to his permit."
526 S.W.2d at 509.

In the case of *State ex rel. Browning–Ferris Industries v. Commissioners of Knox County,* 806 S.W.2d 181 (Tenn.App. 1990) the court, in addressing this same issue, quoted with approval as follows:

"The grant or refusal of a permit is to a certain extent within the sound discretion of the board or official authorized to issue it, but the discretion must be exercised reasonably and, if an applicant meets all of the requirements of the zoning regulations and there is no valid ground for denial of the application, the permit should be issued."
101 C.J.S. Zoning, § 224.

*"The Law of Zoning and Planning, Chapter 55, Section 3, says:*

"So long as the application is in order and the proposed use of the property complies with applicable municipal ordinances or, where although not complying, the premises has a vested non-conforming status, the applicant is entitled to a permit, and it is the duty of the administrative officer to issue him one."
806 S.W.2d at 193. *Also see Merritt v. Wilson City Board of Zoning Appeals,* 656 S.W.2d 846 (Tenn.App.1983); *Father Ryan High School v. Oak Hill,* 774 S.W.2d 184 (Tenn.App.1988); *Harrell v. Hamblen County Quarterly Court,* 526 S.W.2d 505 (Tenn.App.1975); *Sexton v. Anderson County,* 587 S.W.2d 663 (Tenn.App.1979).

In view of our holding on these two issues, the other issues are pretermitted.

The decree of the chancellor is reversed and the complaint is dismissed. The case is remanded to the trial court for any further necessary proceedings. The cost of this appeal, together with the cost in the trial court, is taxed to the Appellee.

GODDARD and McMURRAY, JJ., concur.