# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 18, 2011 Session

## JERRY KITTRELL v. WILSON COUNTY, TENNESSEE, ET AL.

### Appeal from the Chancery Court for Wilson County
### No. 09020    Charles K. Smith, Chancellor

---

### No. M2010-00792-COA-R3-CV - Filed August 3, 2011

---

The owner of a piece of rural property in Wilson County applied for a "permissible use" permit that would allow him to display vehicles for sale on the property. The County planning staff recommended against issuance of a permit, reasoning that the proposed use was not consistent with other uses permitted in an A-1 (agricultural) zoning district. The owner appealed to the Board of Zoning Appeals, which agreed to issue the permit, but limited the use to "no more than 10 serviceable items being on the property at any given time." The owner challenged the limitation by filing a petition for writ of certiorari in the Wilson County Chancery Court. The court determined that the BZA had acted arbitrarily and had exceeded its authority by placing a condition on the owner's use of the property of a type not contemplated by the controlling ordinance, and it removed that condition. We affirm the removal of the condition, but we reverse the trial court's holding that the BZA had violated the property owner's substantive due process rights.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed In Part, Reversed In Part

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Michael Ray Jennings, Lebanon, Tennessee, for the appellants, Wilson County, Tennessee and the Wilson County Board of Zoning Appeals.

Michael W. Ferrell, Mt. Juliet, Tennessee, for the appellee, Jerry Kittrell.

## OPINION

### I. PROCEEDINGS BEFORE THE BOARD OF ZONING APPEALS

Plaintiff Jerry Kittrell owned a 1.4 acre lot of irregular shape in a rural area of Wilson County. The lot has road frontage on two of its opposite sides and was zoned A-1 for agricultural use. Mr. Kittrell, who described himself as a retired home builder, had owned the property for eleven years, but he had concluded that it was not suitable for a residence, and he wanted to get some benefit from it. He asked the Wilson County Building Inspector for permission to display vehicles for sale on the land, but permission was denied.

On November 4, 2008, Mr. Kittrell appealed the Building Inspector's decision by submitting an application for a permissible use permit to the Wilson County Board of Zoning Appeals (BZA). The BZA planning staff declined to recommend approval of the application because "the proposed use does not conform with the intent of the A-1 district and is not permitted or permitted on appeal in this district nor is it similar to those allowed."

Under the Wilson County Zoning Ordinances, a "permitted use" within a particular zoning category is one that does not require approval by the BZA. Conversely, a "use permissible on appeal" is one that is only allowed if the proposal for such a use is approved by the BZA. The use proposed by Mr. Kittrell was not one of those specifically included in the list of permissible uses on appeal in an A-1 district, but it possibly falls under the general category of "other similar uses as reviewed and approved by the Board of Zoning Appeals."[1]

Mr. Kittrell's application stated "Wish to use property occasional or ongoing use of a portion of my property to display a trailer, any type vehicle, not to exceed farm equipment, implement, RV and boats for sale." He submitted a site plan, which included a semi-circular driveway and a sales area, but no building on the property. His application was considered during the regularly scheduled BZA meeting of November 21, 2008. The transcript of that meeting includes lengthy discussions between the members of the Board and Mr. Kittrell as to his intentions for the land.

---

[1] Permitted uses in an A-1 district under the Wilson County Zoning Ordinance include farming, single family housing, home occupations and roadside produce stands. Uses permissible on appeal and specifically set out in the ordinance include aircraft landing fields, barber and beauty shops, bed and breakfast facilities, cemeteries, churches, convenience markets, country clubs, daycare centers, service stations, golf courses, schools, hospitals. libraries, nursing homes, and public recreational facilities.

Mr. Kittrell showed the BZA photographs of a number of enterprises located on property near his own, including a grocery, a fire station, a septic tank storage lot, a tent for firework sales, and a trailer sales lot which was directly across the road from his property. He asserted that his proposal was not so different from what was already there. Several citizens spoke in favor of Mr. Kittrell's proposal, including the County Commissioner in whose district the Kittrell property is located.

But several long-time homeowners in the area declared that they were opposed to any further commercial uses near their property. They complained that they were already burdened by the presence of the existing businesses near their homes and that Mr. Kittrell's proposal would increase their burden. Among other things, they stated that traffic associated with those businesses raised legitimate safety concerns, including in particular dangers arising from trucks pulling into their driveways to turn around.

The Board questioned Mr. Kittrell closely about his plans. He admitted that he wanted to make a profit from selling vehicles, but declared that it was for the purpose of paying the taxes on his property. He denied that he was interested in operating a business. He stated instead that he enjoyed going to vehicle and farm equipment auctions and that for him, the buying and selling of vehicles was "a part-time hobby."

One Board member asked Mr. Kittrell how many vehicles he expected to sell from his property. His first response was to minimize the scale of his plans: "It is such a small little thing that I want to do, that there may be like a boat, or maybe one RV and one trailer, you know, may sit over there or something." But after further questioning as to the maximum number of pieces of equipment he expected to have on the property at any one time, he responded that "20 would be more than adequate for anything I could conceive right now."

Another Board member stated that he wanted to avoid the possibility that a junkyard or an automobile dealership might be put on the property, and he moved that Mr. Kittrell's proposal be approved with the stipulation "that there be no more than 10 vehicles, utility trailers, farm equipment, boats or what have you at any one time on that property." An amendment was proposed that any items on the property be "serviceable and in a condition ready to go." The motion and amendment were approved by a vote of four to one.

## II. TRIAL COURT PROCEEDINGS

Although the BZA had acted in a way that appeared to be favorable to Mr. Kittrell, he nonetheless filed a Petition for Writ of Certiorari in the Chancery Court of Wilson County on January 15, 2009, naming Wilson County and the Wilson County Board of Zoning Appeals as defendants. He argued that no evidence was presented to the BZA to justify the

ten vehicle limitation it placed on his use of the property and that the Board's action was therefore arbitrary, capricious, illegal, and in violation of his constitutional rights to due process. He also contended that since the owner of a nearby 5.41 acre property was allowed to sell and service farm implements and utility trailers without limitations as to numbers, the BZA's action violated his constitutional right to equal protection under the law. The trial court granted the petition and ordered that the record of the proceedings before the BZA be sent up for review.

The defendants answered, asserting that the BZA had acted within its authority when it limited to ten the number of vehicles that Mr. Kittrell could place on his property. They also claimed that Mr. Kittrell had unclean hands, because shortly after the BZA approved his permit, he parked a line of five trailers from tractor-trailer rigs end to end on his property, and that no advertisements or signs were posted for the sale of the trailers. They accordingly contended that Mr. Kittrell was using his property for a different purpose than they had approved.

Mr. Kittrell argued, however, that if the BZA objected to his conduct, the proper vehicle for its objection was an enforcement action, not the writ of certiorari proceeding whose sole purpose was to determine whether the BZA had exceeded its authority or acted arbitrarily, capriciously, or illegally in placing a condition on his permit. Plaintiff and defendants both submitted pre-trial memoranda to which they attached copies of Wilson County Zoning Ordinance 5.20.03, which regulates uses permissible on appeal.

A very brief hearing on the petition was conducted on March 11, 2010. The court studied the files and the briefs of the parties, heard argument from both sides, and then announced that the condition the BZA had placed on the use of Mr. Kittrell's property was beyond its authority. The court cited Section 5.20.03.1(2) of the zoning ordinance, which states that "[a]ny use on appeal approved under this provision is subject to meeting additional buffering, landscaping criteria, etc. as deemed necessary by the Board of Zoning Appeals to insure harmony of character and to protect the general health, safety, and welfare of the surrounding area."

The court reasoned that because the condition imposed on Mr. Kittrell's use of the property had nothing to do with buffering or landscaping, it was not of a type contemplated by the relevant ordinance. The court also declared that the BZA had violated Mr. Kittrell's constitutional due process rights. The court's decision was memorialized in a final order, which was entered on March 23, 2010. This appeal followed.

### III. ANALYSIS

#### A. The Standard of Review

The proper method of review of a decision made by a board of zoning appeals, is through a common law writ of certiorari. *McCallen v. City of Memphis*, 786 S.W.2d 633, 639 (Tenn.1990). *See also* Tenn. Code Ann. § 27–8–101. The scope of judicial review under the common law of writ of certiorari is limited. *Powell v. Parole Eligibility Rev. Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994); *Yokley v. State*, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981).

The scope of review under a common law writ of certiorari is very narrow.[2] The trial court reviews the decision of the lower tribunal (here, the BZA) to determine whether the decision maker exceeded its jurisdiction, followed an unlawful procedure, acted illegally, arbitrarily, or fraudulently, or acted without material evidence to support its decision. *Petition of Gant*, 937 S.W.2d 842, 844, (Tenn. 1996) (quoting *McCallen v. City of Memphis*, 786 S.W.2d at 638); *Fallin v. Knox County Bd. of Com'rs*, 656 S.W.2d 338, 342-43 (Tenn. 1983); *Lafferty v. City of Winchester*, 46 S.W.3d 752, 758-59 (Tenn. Ct. App. 2001); *Hoover, Inc. v. Metropolitan Bd. of Zoning Appeals*, 955 S.W.2d 52, 54 (Tenn. Ct. App. 1997).

> In proceedings involving a common law writ of certiorari, illegal, arbitrary, or fraudulent actions include: 1) the failure to follow minimum standards of due process; 2) the misrepresentation or misapplication of a legal standard; 3) basing a decision on ulterior motives; and 4) violating applicable constitutional standards.

*Harding Academy v. the Metropolitan Government of Nashville and Davidson County*, 222 S.W.3d 350, 363 (Tenn. 2007) (citing *Hoover, Inc. v. Metro Bd. of Zoning Appeals,* 924 S.W.2d 900, 905 (Tenn. Ct. App. 1996)).

Application of a statute or ordinance to the facts is a question of law that is properly addressed to the courts. *Sanifill of Tenn., Inc. v. Tennessee Solid Waste Disposal Control Bd.*, 907 S.W.2d 807, 810 (Tenn. 1995). As to issues of law, our review is *de novo*, with no

---

[2]The trial court may not (1) inquire into the intrinsic correctness of the lower tribunal's decision, *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn.1997); *Powell v. Parole Eligibility Rev. Bd.*, 879 S.W.2d at 873; (2) reweigh the evidence, *Watts v. Civil Serv. Bd. for Columbia*, 606 S.W.2d 274, 277 (Tenn. 1980); *Hoover, Inc. v. Metro Bd. of Zoning Appeals,* 924 S.W.2d 900, 904 (Tenn. Ct. App. 1996); or (3) substitute its judgment for that of the lower tribunal. *421 Corp. v. Metropolitan Gov't of Nashville*, 36 S.W.3d 469, 474 (Tenn. Ct. App. 2000).

presumption of correctness. Tenn. R. App. P. 13(d); *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993). Similarly, the interpretation of a statute or ordinance is a question of law, which we review *de novo*.

Zoning ordinances must be construed and applied "with some deference toward a property owner's right to the free use of his or her property." *Lions Head Homeowners' Ass'n v. Metro. Bd. of Zoning Appeals*, 968 S.W.2d 296, 301 (Tenn. Ct. App. 1997). Courts will seek to interpret a zoning ordinance in a way that is "most consistent with the ordinance's general purposes," but any ambiguity will be resolved "in favor of the property owner's right to the unrestricted use of his or her property." *421 Corporation v. Metropolitan Gov'mt of Nashville and Davidson County*, 36 S.W.3d at 475. Stated more forcefully, it has been held that because zoning ordinances are an attempt to limit the use of land by a property owner, they are in derogation of the common law, and, therefore, are to be strictly construed in favor of the property owner. *See Anderson County v. Remote Landfill Services, Inc.*, 833 S.W.2d 903, 909 (Tenn. Ct. App. 1991); *Rogers Group, Inc. v. County of Franklin*, No. 01A01-9110-CH-00378, 1992 WL 85805 at *8 (Tenn. Ct. App. Apr. 29, 1992) (no Tenn. R. App. P. 11 application filed); *see also Red Acres Improvement Club, Inc. v. Burkhalter*, 241 S.W.2d 921, 923 (Tenn. 1951).

## B. The Trial Court's Conclusions as to the Scope of the BZA's Authority

The BZA argues on appeal that a separate section of the Wilson County Zoning Ordinance, 6.40.04(D), gave it the authority to place the disputed condition on Mr. Kittrell's use of his property. That regulation sets out the BZA's powers and duties when it authorizes uses permissible on appeal. The BZA has attached a copy of that regulation to its reply brief on appeal, which states at 6.40.04(D)(3) that "[i]n the exercise of its approval, the Board of Zoning Appeals may impose such conditions regarding the location, character, or other features of the proposed use of land or buildings as it may deem advisable in the furtherance of the general purpose of these regulations."

Tennessee Rules of Evidence 202(a) requires our courts to take mandatory judicial notice of certain laws, including "the constitutions and statutes of the United States and of every state, territory and other jurisdictions of the United States." The courts may also take judicial notice of other rules, laws, ordinances and treaties, but these are listed in Tennessee Rules of Evidence 202(b) under the rubric of "Optional Judicial Notice of Law." The rule states that "[u]pon reasonable notice to adverse parties, a party may request that the court take, and the court may take, judicial notice of . . . all duly enacted ordinances of municipalities or other governmental subdivisions."

-6-

During the certiorari proceeding, the BZA never informed Mr. Kittrell that it intended to rely on Wilson County Zoning Ordinance Regulation 6.40.04(D) and it never submitted a copy of that ordinance to the trial court. Further, no duly authenticated copy of the ordinance appears in the appellate record. Review under the common law writ of certiorari is generally limited to the record made before the lower tribunal or board. *See* 27-9-111(b); *Jeffries v. Tennessee Dept. of Correction*, 108 S.W.3d 862, 877 (Tenn. Ct. App. 2002); *421 Corp. v. Metro. Gov't of Nashville & Davidson County*, 36 S.W.3d at 474.

Because Regulation 6.40.04(D) is relevant to the question of the scope of the BZA's jurisdiction, the trial court could have considered it if it had been introduced at trial. But the BZA did not introduce that regulation at trial, and the trial court therefore did not have the opportunity to consider it. We decline to consider the ordinance now proffered as an attachment to a party's brief but not furnished to the trial court. This court is not required to grant relief to a party "responsible for an error, or who failed to take whatever action was reasonably available to nullify the effect of an error." Tenn. R. App. P. 36(a).

The only evidence presented to the trial court as to the scope of the BZA's authority was Zoning Ordinance 5.20.03. We agree with the trial court that that provision does not authorize the type of condition imposed by the BZA in this case. We therefore affirm the trial court's determination that the BZA exceeded its jurisdiction in limiting the number of vehicles that Mr. Kittrell could place in the sales area of his property.

## C. The Question of Substantive Due Process

We do not agree with the trial court, however, that the BZA violated Mr. Kittrell's substantive due process rights under the Fourteenth Amendment of the United States Constitution. Such a violation can only occur when a party is deprived of a constitutionally protected right under circumstances that are highly unusual. Actions premised on violations of substantive due process are designed "to protect against acts of governmental officials that are so far beyond the outer limits of legitimate governmental action that no amount of process could cure the deficiency." *Parks Properties v. Maury County*, 70 S.W.3d 735, 744 (Tenn. Ct. App. 2001) (holding that the developers of a commercial warehouse project did not have a constitutionally-protected property interest such that an erroneous refusal to grant them a building permit constituted a violation of their substantive due process rights). *See, also, Haskins v. City of Chattanooga*, 877 S.W.2d 267, 269 (Tenn. Ct. App. 1993) (holding that substantive due process only protects rights that can be ranked as fundamental).

In this case, the BZA was authorized to grant or to deny applications for uses permissible on appeal. Mr. Kittrell's proposal was for a use that was not even specifically listed in the relevant ordinance. Thus, he did not have a constitutionally protected property

interest in receiving a permit. We see no reason why the imposition of a condition on that permit might generate such a right. Further, any interest he may have had in using his property certainly did not rise to the level of "fundamental right."

Substantive due process violations only occur when governmental actors engage in deliberate conduct intended to injure in some way that cannot be justified by any governmental interest. *Parks Properties v. Maury County,* 70 S.W.3d at 744. Erroneous, mistaken or even negligent action by government officials does not, by itself, justify a finding that a party has been deprived of his rights to substantive due process. *Id*. There was no evidence in this case that the BZA was trying to injure Mr. Kittrell in any way. The transcript indicates, rather, that the members of the Board were trying to harmonize Mr. Kittrell's desire to establish a productive use for his property with the legitimate concerns of his neighbors. We therefore reverse the trial court's holding that the BZA violated Mr. Kittrell's substantive due process rights.

## IV.

The judgment of the trial court is affirmed in part, and reversed in part. We remand this case to the Chancery Court of Wilson County for any further proceedings necessary. Tax the costs on appeal to the appellants, Wilson County, Tennessee and the Wilson County Board of Zoning Appeals.

_____
PATRICIA J. COTTRELL, JUDGE